165 F.3d 34
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Luciano REYES, Defendant-Appellant.
 No. 98-1172.
 United States Court of Appeals, Seventh Circuit.
 Argued Aug. 4, 1998.
Decided Oct. 1, 1998.
 
 Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. No. 2:97-CR-108. Rudy Lozano, Judge.
 Before Hon. RICHARD A. POSNER, Chief Judge, Hon. MICHAEL S. KANNE, Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Appellant Luciano Reyes pleaded guilty to receiving a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). In this appeal from his sentence, Reyes contends that the district court committed plain error both in assigning a base offense level and in scoring his criminal history. The government agrees. We vacate Reyes' sentence and remand for resentencing.
 
 I.
 
 2
 Reyes killed his girlfriend in March 1997 when the shotgun he was carrying discharged. Thereafter, a federal grand jury charged in separate counts that Reyes, a felon, violated § 922(g)(1) by receiving the shotgun (Count One) and a semi-automatic rifle (Count Two). Reyes pleaded guilty to receiving the rifle.
 
 
 3
 In drafting the Presentence Investigation Report ("PSR"), the probation officer assigned 13 criminal history points to Reyes: one point for a 1985 juvenile adjudication for possession and delivery of a controlled substance; two points for an April 1987 conviction for burglary; three points for a 1988 conviction for possession of a controlled substance; three points for a 1991 conviction for possession and delivery of a controlled substance; three points for a 1994 conviction for possession of a controlled substance; and one point for a 1994 conviction for disorderly conduct. Three other convictions received no points. The 13 points placed Reyes in criminal history category VI.
 
 
 4
 The probation officer also looked to Reyes' prior convictions in assigning a base offense level. Because Reyes' offense did not involve a firearm described in 18 U.S.C. § 921(a)(30) or 26 U.S.C. § 5845(a), the base offense level under U.S.S.G. § 2K2.1(a) turned on the number of prior convictions for crimes of violence or controlled substance offenses: if one, a level 20; if more than one, a level 24. The probation officer, without identifying the qualifying convictions, found that Reyes had "at least" two and set the base offense level at 24. Adding four points because Reyes used or possessed a firearm in connection with his girlfriend's death and subtracting three points because Reyes accepted responsibility, the probation officer computed a total offense level of 25.
 
 
 5
 Neither party objected to the PSR. To the contrary, at sentencing both Reyes and the government expressly assured the district court that the report was correct. The district court adopted the PSR computations and calculated a guideline imprisonment range of 110 to 137 months. The court sentenced Reyes to 120 months, the statutory maximum. Joined by the government, Reyes now says through newly-appointed appellate counsel that the district court, in adopting the PSR, overstated both his criminal history points and the number of convictions countable in applying § 2K2.1(a). According to the parties, the district judge should have calculated a guideline imprisonment range of 57 to 71 months using a base offense level 20, total offense level 21, and criminal history category IV.
 
 II.
 
 6
 Reyes argues, and the government correctly concedes, that the probation officer erred in assigning criminal history points to the 1985 juvenile adjudication and the April 1987 burglary conviction. Reyes turned 18 in January 1987, so he was 16 when the juvenile drug offense was adjudicated and 17 when he was arrested for the burglary in July 1986. Under U.S.S.G. § 4A1.2(d), offenses committed before age 18 are counted only if the defendant was (1) convicted as an adult and sentenced to imprisonment for more than a year and a month, § 4A1.2(d)(1); or (2) sentenced as an adult or juvenile to a least 60 days imprisonment and released within five years of committing the offense of conviction, § 4A1.2(d)(2)(A); or (3) sentenced as an adult or juvenile within the five-year period, § 4A1 .2(d)(2)(B). None of these conditions was met. Although Reyes concedes he was convicted as an adult for the burglary, his six-month jail term was too short to trigger points under § 4A1.2(d)(1). Moreover, both the burglary conviction and the earlier juvenile adjudication were too old to be counted under § 4A1.2(d)(2)(A) or (d)(2)(B).
 
 
 7
 Reyes also argues, and again the government correctly concedes, that the probation officer erred in assigning criminal history points to the disorderly conduct conviction, for which Reyes was jailed two days. Under U.S.S.G. § 4A1.2(c), prior convictions for disorderly conduct count only if (1) the defendant was sentenced to at least a year of probation or 30 days imprisonment; or (2) they bear similarity to the offense of conviction. See U.S.S.G. § 4A1 .2(c)(1). Neither situation applies here.
 
 
 8
 Finally, as to his criminal history score, Reyes argues that the probation officer assigned too many points to his 1994 conviction for possession of a controlled substance. Here again, the government correctly concedes the mistake. For this conviction the PSR includes three points, a number reserved for offenses resulting in prison sentences of more than a year and a month. U.S.S.G. § 4A1.1(a). Reyes was sentenced to just one year, so only two points could be added for this conviction. U.S.S.G. § 4A1.1(b).
 
 
 9
 Properly calculated, Reyes' eight criminal history points would have put him in category IV, not VI. Moreover, the probation officer's errors in scoring Reyes' criminal history might explain also the error in assigning a base offense level under § 2K2.1(a). As noted, the number of prior convictions for crimes of violence or controlled substance offenses affects the choice of base offense level, and the probation officer, having perceived "at least two," started Reyes at level 24 under § 2K2.1(a)(2). That, says Reyes, was error because the commentary to § 2K2.1 excludes, for purposes of counting prior convictions under subsection (a), any crime of violence or controlled substance offense that received no criminal history points. See U.S.S.G. § 2K2.1, comment. (n.5). In this instance, Reyes has just three prior convictions for which he properly could receive criminal history points, and, of those, only the 1991 conviction for possession and delivery of a controlled substance is a qualifying conviction. The others, Reyes' 1988 and 1994 convictions for simple possession of a controlled substance, are not "controlled substance offenses." See U.S.S.G. § 2K2.1, comment. (n.5) (incorporating definition of "controlled substance offense" found in U.S.S.G. § 4B1.2); U.S.S.G. § 4B1.2(2) (defining "controlled substance offense"); United States v. Jackson, 103 F.3d 561, 570 (7th Cir.1996) (simple possession is not a "controlled substance offense").
 
 
 10
 Accordingly, as the government readily acknowledges, the probation officer erred in assigning a base offense level 24. Instead, Reyes should have started at level 20. With the uncontested adjustments for using or possessing a firearm in connection with his girlfriend's death, U.S.S.G. § 2K2.1(b)(5), and for acceptance of responsibility, U.S.S.G. § 3E1.1, Reyes' total offense level should have been 21.
 
 III.
 
 11
 Had Reyes properly objected to the PSR, our analysis would be at an end. His guideline imprisonment range, if calculated correctly using a total offense level 21 and criminal history category IV, would have been 57 to 71 months. U.S.S.G. Ch. 5, Pt. A, Sentencing Table. In contrast, his 120-month sentence exceeds the high end of the correct range by 49 months and the low end by more than five years. But Reyes did not object. Instead, he and the government affirmatively represented to the district court that the PSR was correct. In fact, even as they argued in their appellate briefs that the district court committed plain error, both parties still miscalculated Reyes' base offense level; not until after our request for post-argument memoranda did Reyes and the government finally reach a consensus as to all pertinent guidelines issues. It is in this context that we must decide whether the district court committed plain error in adopting the uncontested PSR calculations.
 
 
 12
 Although we give great weight to the government's confessions of error, we still must exercise independent review. See, e.g., Griffin v. United States, 109 F.3d 1217, 1219 (7th Cir.1997); United States v. Locklear, 97 F.3d 196, 198 (7th Cir.1996); United States v. Newman, 965 F.2d 206, 212-13 (7th Cir.1992). The plain error standard is satisfied if there was error, it was "plain," and it affected the defendant's substantial rights. United States v. Bauer, 129 F.3d 962, 964 (7th Cir.1997). Alleged sentencing errors that are "subtle, obscure, [or] debatable" do not satisfy this standard. United States v. Monem, 104 F.3d 905, 907 (7th Cir.1997) (citation and internal quotations omitted). We, however, will correct "palpably wrong" errors that likely resulted in a different sentence. United States v. Flores-Sandoval, 94 F.3d 346, 351 (7th Cir.1996). If through error a district judge has imposed sentence using the wrong guideline range, we may find plain error. E.g., United States v. Maggi, 44 F.3d 478, 484 (7th Cir.1995); United States v. Wallace, 32 F.3d 1171, 1173-75 (7th Cir.1994); see United States v. Robinson, 20 F.3d 270, 273 (7th Cir.1994) ("sentence based on an incorrect guideline range constitutes an error affecting substantial rights and can thus constitute plain error").
 
 
 13
 On this record we conclude that the district court committed plain error in assigning Reyes' base offense level and in scoring his prior convictions. The probation officer's several mistakes all involved what should have been straightforward applications of basic guidelines. Thus, the errors were "plain." Moreover, given the 49-month disparity between the sentence imposed and the high end of the correct guideline range, the collective impact of the errors resulted in substantial prejudice to Reyes and warrants a remand. See Maggi, 44 F.3d at 484 (remanding to correct 108-month sentence where properly-calculated imprisonment range was 78 to 97 months); Wallace, 32 F.3d at 1174-75 (remanding to correct 168-month sentence where properly-calculated imprisonment range was 151 to 188 months); see also United States v. Szabo, 147 F.3d 559, 561 (7th Cir.1998) (finding plain error upon concluding that district court would have imposed different sentence but for misapplication of guidelines).
 
 
 14
 Accordingly, Reyes' sentence is VACATED, and the case is REMANDED to the district court for resentencing. Exercising our authority under 18 U.S.C. § 3742(f)(1), we direct the district court, consistent with this order, to use a total offense level 21 and criminal history category IV in determining the applicable sentencing ranges on remand.