Kevin Patrick **SZABO**, Petitioner–Appellant,

v.

George E. **SNYDER**, Warden, Respondent–Appellee.

No. 03–5613.

United States Court of Appeals, Sixth Circuit.

Dec. 8, 2003.

Kevin Patrick Szabo, pro se, Mobile, AL, for Petitioner–Appellant.

David P. Grise, Asst. U.S. Attorney, Jane D. Samuel, U.S. Attorney's Office, Lexington, KY, for Respondent–Appellee.

Before MERRITT, DAUGHTREY, and GIBBONS, Circuit Judges.

## ORDER

Kevin Patrick Szabo, a pro se federal prisoner, appeals a district court judgment dismissing his 28 U.S.C. § 2241 petition for a writ of habeas corpus. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, Szabo was charged with four counts of bank robbery in the Central District of Illinois, three counts of bank robbery in the Southern District of Illinois, and two counts of bank robbery in the Eastern District of Missouri. Pursuant to Fed.R.Crim.P. 20, the latter two cases were transferred to the Central District. After Szabo pleaded guilty to the Central District charges pursuant to a written plea agreement and entered a blind guilty plea as to the other charges, he was sentenced to concurrent terms of 97 months in prison. The Seventh Circuit dismissed Szabo's appeal as to the Central District charges because he had waived his right to appeal in the plea agreement, but remanded the action for re-sentencing on the charges from the other districts because the Central District had misinterpreted USSG § 3D1.4. *United States v. Szabo,* 147 F.3d 559 (7th Cir.1998). On remand, Szabo was re-sentenced to concurrent prison terms of 87 months on the charges from the other districts. His sentences were then affirmed on appeal. *United States v. Szabo,* 176 F.3d 930 (7th Cir.1999). Prior to his instant § 2241 petition, Szabo unsuccessfully pursued post-conviction relief by filing a motion to vacate in 1999, a petition for a writ of error coram nobis in 2000, and a motion for an order authorizing a second or successive motion to vacate in 2003.

In his § 2241 petition, Szabo asserted that the district court erred by departing upward four offense levels on the basis that only five of his bank robbery convictions were taken into account in calculating his offense level pursuant to USSG § 3D1.4. Upon a magistrate judge's recommendation and over Szabo's objections, the district court dismissed Szabo's petition.

On appeal, Szabo argues that the district court erred by dismissing his petition. He moves for pauper status and for miscellaneous relief.

Upon de novo review, we conclude that the district court properly dismissed Szabo's § 2241 petition. *See Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999).

If a petitioner seeks to challenge the execution of his sentence, he may file a § 2241 petition in the district court having

jurisdiction over his custodian. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.), *cert. denied*, 534 U.S. 1008, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001). But a federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); *Charles*, 180 F.3d at 755–56; *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir.1998).

Szabo has failed to show that his § 2255 remedy is inadequate or ineffective. A prisoner's remedy under § 2255 is not inadequate or ineffective merely because the prisoner is time-barred or otherwise procedurally barred from seeking relief under § 2255, because the prisoner has already filed one motion to vacate, or because the prisoner has been denied permission to file a second or successive motion to vacate. *Peterman*, 249 F.3d at 461. Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence. *See id.; Charles*, 180 F.3d at 757.

The savings clause does not apply to the instant case. Szabo cannot show an applicable intervening change in the law or any extraordinary circumstances which reflect that he may be actually innocent.

Accordingly, the district court's judgment is affirmed, the motion for pauper status is granted, and all other pending motions are denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.