# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 04-2014

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

KEVIN W. SCHMEILSKI,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Central District District of Illinois.
No. 02 CR 10099—**Joe Billy McDade**, *Judge.*

———————

ARGUED DECEMBER 7, 2004—DECIDED MAY 25, 2005

———————

Before BAUER, MANION, and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* Kevin Schmeilski appeals the sentence he received after pleading guilty to unlawful production of child pornography, unlawful possession of child pornography and criminal forfeiture. We reject his argument that the application of both U.S.S.G. §§ 2G2.1(c)(1) and 4B1.5 to his sentence constitutes impermissible double counting. In light of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), however, we order a limited remand regarding his sentence in accordance with the procedure set forth in *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005).

## I.  Introduction

After receiving a digital camera on Christmas day in 2001, Kevin Schmeilski began to produce pornographic images of his three stepdaughters who were 12, 14, and 15 years old. Schmeilski took pictures of his stepdaughters engaging in explicit sexual conduct, and, on other occasions, had one of his stepdaughters take pornographic images of him while he engaged in sexual activities with another stepdaughter. When law enforcement officials later seized Schmeilski's computer, they found explicit images of his stepdaughters in addition to approximately 1500 visual images or videos of child pornography that Schmeilski had downloaded from the internet.

Schmeilski pled guilty to production of child pornography, in violation of 18 U.S.C. § 2251(b), possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and criminal forfeiture, in violation of 18 U.S.C. § 2253. In calculating Schmeilski's sentence under the then-mandatory United States Sentencing Guidelines, the sentencing judge imposed a multiple count adjustment because there were three minor victims. *See* U.S.S.G. § 2G2.1(c)(1).[1] This adjustment resulted in a three-level increase to his offense level. *See* U.S.S.G. §§ 2G2.1(c)(1); 3D1.4. Among other adjustments, the sentencing judge also imposed a five-level increase to Schmeilski's offense level pursuant to U.S.S.G. § 4B1.5(b)(1) for engaging in a pattern of prohibited sexual activity. Schmeilski objected to the application of both U.S.S.G. §§ 2G2.1(c)(1) and 4B1.5, contending the application of both provisions constituted impermissible double counting. The sentencing judge rejected this argument. Schmeilski was sentenced to serve 213 months in prison for production of child pornography and 60 months for posses-

---

[1] References to the United States Sentencing Guidelines are to the 2002 version.

sion of child pornography, both sentences to run concurrently. Schmeilski now appeals.


## II.  Analysis

### A.  Double counting

Schmeilski contends that the five-level increase to his sentence pursuant to U.S.S.G. § 4B1.5 impermissibly double counts conduct already accounted for in the three level adjustment he received pursuant to § 2G2.1(c)(1). We review de novo whether the district court's application of the Sentencing Guidelines amounts to impermissible double counting. *United States v. Vivit*, 214 F.3d 908, 924 (7th Cir. 2000).

Improper double counting occurs "when a district court imposes two or more upward adjustments within the same guidelines range, when both are premised on the *same* conduct." *United States v. Haines*, 32 F.3d 290, 293 (7th Cir. 1994). That is, the same conduct cannot be described in two different ways to justify two different enhancements when each leads to a separate upward adjustment. *United States v. Parolin*, 239 F.3d 922, 929 (7th Cir. 2001); *United States v. White*, 222 F.3d 363, 375-76 (7th Cir. 2000). In addition, although premising multiple enhancements on "identical facts" constitutes impermissible double counting, *United States v. Szakacs*, 212 F.3d 344, 353 (7th Cir. 2000), the presence of some overlap in the factual basis for two or more upward adjustments does not automatically qualify as double counting. *Parolin*, 239 F.3d at 929 (citing *Haines*, 32 F.3d at 293). When two enhancements address distinct aspects of the defendant's conduct, the application of both does not constitute double counting. *United States v. Myers*, 355 F.3d 1040, 1044 (7th Cir. 2004); *White*, 222 F.3d at 376; *United States v. Lanzotti*, 205 F.3d 951, 957 (7th Cir. 2000).

Here, Schmeilski pled guilty to production of child pornography, in violation of 18 U.S.C. § 2251(b), acknowledging that as the parent or person having custody and control of each minor, he knowingly permitted his stepchildren to engage in sexually explicit conduct for the purposes of producing visual depictions of that conduct.[2] When calculating the sentence for a defendant convicted of violating 18 U.S.C. § 2251(b), U.S.S.G. § 2G2.1(c)(1) provides: "If the offense involved the exploitation of more than one minor, Chapter Three, Part D (Multiple Counts) shall be applied as if the exploitation of each minor had been contained in a separate count." Schmeilski acknowledged that he exploited three of his minor stepchildren, and the district court applied Chapter Three of the Guidelines as though each of the three minors had been contained in a separate count. This application resulted in an increase of three levels to Schmeilski's base offense level. *See* U.S.S.G. § 3D1.4.

On the other hand, U.S.S.G. § 4B1.5(b)(1) states: "In any case in which the defendant's instant offense of conviction is a covered sex crime, . . ., and the defendant engaged in a pattern of activity involving prohibited sexual conduct: (1) The offense level shall be 5 plus the offense level determined under Chapters Two and Three . . . ." Schmeilski does not dispute that his conviction for production of child pornography in violation of 18 U.S.C. § 2251(b) constitutes a "covered sex crime," *see* U.S.S.G. § 4B1.5, cmt. n.2(A)(ii), or that production of child pornography is "prohibited sexual conduct," *see* U.S.S.G. § 4B1.5, cmt. n.4(A)(ii).

A "pattern of activity" for the purposes of § 4B1.5(b)(1) occurs when: (1) a defendant engages in the prohibited sexual conduct with a minor on at least two separate occasions, and (2) there were at least two minor victims. U.S.S.G.

---

[2]  Sexually explicit conduct includes "lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2).

§ 4B1.5, cmt. n.4(B)(i). Schmeilski also does not dispute that he engaged in prohibited sexual conduct with his three minor stepdaughters on at least two separate occasions, thus constituting a pattern of activity involving prohibited sexual conduct.

Rather, Schmeilski contends that the district court's imposition of a five-level increase pursuant to § 4B1.5 for engaging in a "pattern of activity" after the imposition of a three-level multiple victim adjustment resulting from § 2G2.1(c)(1) constitutes impermissible double counting. He maintains that because both adjustments are premised upon his production of child pornography involving each of his three minor stepchildren, the application of both provisions here amounts to double counting.

We do not agree that the application of both provisions constituted impermissible double counting, as the two adjustments punish distinct conduct. The application of § 2G2.1(c)(1) punished Schmeilski for exploiting three different minors, while the § 4B1.5 enhancement punished him for exploiting those minors on multiple occasions. The separate adjustments for the number of minors exploited and for the fact that minors were exploited on multiple occasions are not premised on the same conduct. A defendant could receive the multiple victim adjustment without also engaging in a pattern of activity involving prohibited sexual conduct. For example, had Schmeilski on only one occasion required his three minor stepdaughters to engage in sexually explicit conduct so he could photograph them, the directive in § 2G2.1(c)(1) would apply because more than one minor was exploited. Although this behavior would still be reprehensible, the five-level enhancement under § 4B1.5 would not apply because prohibited sexual conduct did not occur on more than one separate occasion. Therefore, because § 2G2.1(c)(1) and § 4B1.5 address distinct conduct, the application of both in calculating Schmeilski's sentence did not constitute impermissible double counting.

B. *Booker* challenge

Schmeilski also contends that the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), necessitates resentencing. Because Schmeilski raises this contention for the first time on appeal, our review is for plain error. *United States v. Paladino*, 401 F.3d 471, 481 (7th Cir. 2005).

Under the plain error test, "before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Cotton*, 535 U.S. 625, 631 (2002) (internal quotations and citation omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citations omitted).

As we have recently made clear, the mandatory, as opposed to advisory, application of the Guidelines constitutes error that is plain. *United States v. White*, No. 03-2875, 2005 WL 1023032, at *7 (7th Cir. May 3, 2005); *United States v. Castillo*, Nos. 02-3584 & 02-4344, 2005 WL 1023029, at *15 (7th Cir. May 3, 2005). If a defendant has been prejudiced by an illegal sentence, then allowing that illegal sentence to stand would constitute a miscarriage of justice. *Paladino*, 401 F.3d at 483 ("It is a miscarriage of justice to give a person an illegal sentence that increases his punishment, just as it is to convict an innocent person."); *United States v. Macedo*, 2005 WL 851501, at *8 (7th Cir. Apr. 14, 2005).

We now ask whether the sentencing judge, operating under the discretion permitted by *Booker*, might have sentenced Schmeilski any differently. Here, the district court sentenced Schmeilski under the mandatory guidelines regime to 213 months' imprisonment on one count and 60 months on another, to run concurrently with each other and an undischarged sentence for a state conviction. In sentencing

Schmeilski to 213 months for production of child pornography, the district court first determined the applicable sentencing range as 188 to 235 months. It then discounted 22 months from the top of the range to reflect time already served in state custody in order to arrive at the sentence of 213 months' imprisonment. *See* U.S.S.G. § 5G1.3(b) & cmt. n.2.

On this record, we cannot be certain that the district court would have imposed the same sentence with the discretion permitted by *Booker*. As we stated in *Paladino*, "A conscientious judge—one who took the guidelines seriously whatever his private views—would pick a sentence relative to the guideline range. If he thought the defendant a more serious offender than an offender at the bottom of the range, he would give him a higher sentence even if he thought the entire range too high." *Paladino*, 401 F.3d at 482. Here, we cannot say whether the district court judge might have considered the entire range too high. We note that the district court judge did not make any statement indicating that it would have sentenced Schmeilski to a higher range if it had possessed the authority to do so, nor was Schmeilski's sentence at a statutory maximum. *See United States v. Della Rose*, 403 F.3d 891, 907 (7th Cir. 2005) ("It has not escaped our attention that the district court sentenced [the defendant] at the high end of the Guidelines range, but that alone does not rule out the possibility that the judge might have imposed a lesser sentence had he known that the Guidelines did not bind him."); *cf. United States v. Lee*, 399 F.3d 864, 866 (7th Cir. 2005). Accordingly, while retaining jurisdiction of the appeal, we order a limited remand to permit the sentencing judge to determine whether "he would have given the defendant a shorter sentence had he realized the guidelines are merely advisory." *United States v. Goldberg*, No. 03-3955, 2005 WL 1083774, at *3 (7th Cir. May 5, 2005); *see also Paladino*, 401 F.3d at 484. The sentencing judge should proceed on remand in accordance with the procedure we set forth in *Paladino*.

### III.  Conclusion

We reject Schmeilski's argument that the application of both U.S.S.G. §§ 2G2.1(c)(1) and 4B1.5 to his sentence constitutes impermissible double counting, but we order a limited remand of his sentence in accordance with *United States v. Paladino*.


A true Copy:

      Teste:

                          _____
                          *Clerk of the United States Court of*
                               *Appeals for the Seventh Circuit*